### IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LUISA OYARZUN, | ) ) ) | |
| Plaintiff, | ) ) | No. 22-226 C |
| v. | ) ) ) | Filed: March 22, 2022 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

### ORDER

On February 28, 2022, Plaintiff Luisa Oyarzun, proceeding *pro se*, filed a Complaint that names as defendants thirty (30) individual parties, including various federal and state agencies, officials, courts, and judges. *See generally* Pl.'s Compl., ECF No. 1. Although difficult to discern which defendants committed which acts, she alleges a litany of offenses perpetrated in an attempt to evict or otherwise force her from her government-subsidized Section 8 apartment, including but not limited to burglary, assault, battery, kidnapping, elder abuse, religious and racial discrimination, attempted murder, and violations of various statutes and constitutional amendments. *See id.* at 5–12. She requests that the Court grant her various forms of injunctive relief and $1 trillion in damages. *Id.* at 12.

On March 1, 2022, the Court instructed Plaintiff to either pay the $402 filing fee or apply to proceed *in forma pauperis*, *i.e.*, to proceed without paying the required filing fee, under 28 U.S.C. § 1915. Order Regarding Filing Fee, ECF No. 6. Plaintiff filed such an application on March 10, 2022. Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 9.

"Courts have discretion under 28 U.S.C. § 1915 to grant *in forma pauperis* status to litigants." *Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010) (citing

*Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992)).  Courts also have an obligation to deny *in forma pauperis* status to vexatious litigators, *see, e.g.*, *In re Anderson*, 511 U.S. 364, 365–66 (1994), and, in particular, "have discretion to limit a party's permission to proceed *in forma pauperis* where they have exhibited a history of frivolous or abusive filings," *Straw v. United States*, No. 21-1600, 2021 WL 3440773, at *5 (Fed. Cir. Aug. 6, 2021) (collecting cases); *see also, e.g.*, *Maxberry v. United States*, No. 21-2234, 2021 WL 7186330, at *1 (Fed. Cir. Nov. 17, 2021), *cert. denied*, No. 21-6928, 2022 WL 585942 (U.S. Feb. 28, 2022); *Aljindi v. United States*, No. 21-1578, 2021 WL 5177430, at *4 (Fed. Cl. Aug. 30, 2021).

Between 2009 and 2017, Plaintiff filed six separate actions in various federal courts, all of which were ultimately found frivolous.  *See Oyarzun v. Mahon*, No. 09-2098 (S.D.N.Y. Mar. 9, 2009); *Oyarzun v. Martinez*, No. 09-1641, 2010 U.S. Dist. LEXIS 150677 (S.D.N.Y. Mar. 9, 2010) (certifying that any appeal would not be taken in good faith); *Oyarzun v. Wakefern Food Corp.*, No. 16-1297, 2016 U.S. Dist. LEXIS 192252 (S.D.N.Y. May 31, 2016); *Oyarzun v. Deane*, No. 17-6733, 2017 WL 5598900 (W.D.N.Y. Nov. 21, 2017); *Oyarzun v. Berryhill*, No. 17-6819 (W.D.N.Y. Dec. 5, 2017); *In re Oyarzun*, No. 17-21261, 2017 WL 6550500, at *2 (Bankr. W.D.N.Y. Dec. 21, 2017) (finding "not a shred of credible evidence to suggest that [Oyarzun and co-debtor's] beliefs have any basis in fact" after in-person hearing).

Likewise, Plaintiff recently filed a complaint, resembling the one filed in this Court, in the United States District Court for the District of Connecticut.  The district court found *sua sponte* that the complaint failed to state a claim, *Oyarzun v. President/CEO of Exch. Place Pres. Partners, LLC*, No. 21-1230, 2021 WL 6197081 (D. Conn. Dec. 31, 2021), and subsequently dismissed the case under 28 U.S.C. § 1915(e)(2)(B), *Oyarzun v. President/CEO of Exch. Place Pres. Partners, LLC*, No. 21-1230 (D. Conn. Jan. 28, 2022).  In particular, the district court noted that the

complaint "lumps together a large number of defendants but does not specify what acts each particular defendant did to violate [Plaintiff]'s rights." *President/CEO of Exch. Place*, 2021 WL 6197081, at *3.

Plaintiff's Complaint in this Court suffers from a similar problem, failing to present a coherent narrative that allows a reasonable understanding of the basic underlying facts and timeline of alleged events, even when applying the less stringent pleading standard afforded to *pro se* litigants. The Complaint also names thirty (30) parties as "defendants" in spite of the well-settled rule that the United States is the only proper defendant in the Court of Federal Claims. *See* Rule 10(a), Rules of the United States Court of Federal Claims ("RCFC"); *see also, e.g.*, *McLarnon v. United States*, 154 Fed. Cl. 459, 462–63 (2021). It likewise alleges violations of numerous federal statutes and constitutional provisions that do not provide a basis for invoking this Court's limited jurisdiction. *See* 28 U.S.C. § 1491; *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc) (a plaintiff must identify a substantive right in a separate source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States," to invoke the court's jurisdiction).

Given these defects and the apparent continuation of her history of filing frivolous lawsuits in the federal courts, the Court finds that Plaintiff is not entitled to *in forma pauperis* status. Therefore, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 9) is **DENIED**. On or before **April 21, 2022**, Plaintiff is **ORDERED** to pay the $402 filing fee. If Plaintiff fails to comply with this order, the Court will dismiss her case for failure to prosecute under RCFC 41(b).

**SO ORDERED.**

Dated: March 22, 2022                             */s/ Kathryn C. Davis*
                                                  KATHRYN C. DAVIS
                                                  Judge